IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 1:16-cr-42 |
| v. | |
| ARDIT FERIZI,<br>a/k/a "Th3Dir3torY," | The Hon. Leonie M. Brinkema |
| Defendant. | |

PLEA AGREEMENT

Dana J. Boente, United States Attorney for the Eastern District of Virginia; Brandon L.

Van Grack and Gregory R. Gonzalez, Special Assistant United States Attorneys; the defendant,

Ardit Ferizi, and the defendant's counsel have entered into an agreement pursuant to Rule 11 of

the Federal Rules of Criminal Procedure. The terms of the agreement are as follows:

1.    **Offenses and Maximum Penalties**

The defendant agrees to plead guilty to Count Two of the Indictment charging the

defendant with providing material support to a designated foreign terrorist organization in

violation of Title 18, United States Code, Section 2339B, and Count Three of the Indictment

charging the defendant with accessing a protected computer without authorization and obtaining

information, in violation of Title 18, United States Code, Sections 1030(a)(2)(C) and

(c)(2)(B)(ii). The maximum penalties for these offenses are: (i) Count Two: A maximum term of

20 years of imprisonment, a fine of $250,000.00, a special assessment pursuant to 18 U.S.C.

§ 3013, and a lifetime of supervised release; (ii) Count Three: A maximum term of five (5) years

of imprisonment, a fine of $250,000.00, a special assessment pursuant to 18 U.S.C. § 3013, and

three years of supervised release. The defendant understands that this supervised release term is in addition to any prison term the defendant may receive, and that a violation of a term of supervised release could result in the defendant being returned to prison for the full term of supervised release. The defendant also understands that the Court can, but is not required to, order that the sentence imposed on each count will run consecutively.

## 2.    Factual Basis for the Plea

The defendant will plead guilty because the defendant is in fact guilty of the charged offenses. The defendant admits the facts set forth in the Statement of Facts filed with this plea agreement and agrees that those facts establish guilt of the offenses charged beyond a reasonable doubt. The Statement of Facts, which is hereby incorporated into this plea agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(c) of the Sentencing Guidelines.

## 3.    Assistance and Advice of Counsel

The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

    a.    the right to plead not guilty and to persist in that plea;

    b.    the right to a jury trial;

    c.    the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceedings; and

    d.    the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

### 4.    Role of the Court and the Probation Office

The defendant understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximums described above but that the Court will determine the defendant's actual sentence in accordance with 18 U.S.C. § 3553(a). The defendant understands that the Court has not yet determined a sentence and that any estimate of the advisory sentencing range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the Court, after considering the factors set forth in 18 U.S.C. § 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness. The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence.

Further, in accordance with Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and the defendant will recommend to the Court that the following provisions of the Sentencing Guidelines apply:

Count Two

a.    Pursuant to Section 2M5.3(a) of the Sentencing Guidelines, the base offense level is 26.

b.    Pursuant to Section 3A1.4(a), a 12-level upward adjustment because the offense is a felony that involved a federal crime of terrorism. Section

3A1.4(a) also raises the defendant's criminal history from Category I to Category VI.

c.      Total Offense Level: 38.

Count Three

a.      Pursuant to Section 2B1.1(a)(2), the base offense level is 6.

b.      Pursuant to Section 2B1.1(b)(1)(D), an 6-level increase since the loss attributable to the defendant is more than $40,000.

c.      Pursuant to Section 2B1.1(b)(17), a 2-level increase since the offense involved the unauthorized public dissemination of personal information.

d.      Pursuant to Section 3A1.2, a 3-level upward adjustment since the victims were government employees.

e.      Pursuant to Section 3B1.3, a 2-level upward adjustment since the defendant used a special skill that significantly facilitated the commission or concealment of the offense.

f.      Total Offense Level: 19.

Additionally, the United States and the defendant agree that the defendant has assisted the government in the investigation and prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.  If the defendant qualifies for a two-level decrease in offense level pursuant to U.S.S.G. § 3E1.1(a) and the offense level prior to the operation of that section is a level 16 or greater, the government agrees to file, pursuant to U.S.S.G. § 3E1.1(b), a motion prior

4

to, or at the time of, sentencing for an additional one-level decrease in the defendant's offense level. These recommendations are not binding on the Court or the Probation Office.

The parties have no agreement as to the applicability or inapplicability of other Sentencing Guidelines provisions. The Government specifically reserves the right to argue that the following provisions also apply to Count Two: U.S.S.G. § 2M5.3(b)(1) (provision of material support with the intent, knowledge, or reason to believe it would be used to commit or assist in the commission of a violent act) and § 3A1.2 (the victims were government employees).

### 5.    Waiver of Appeal, FOIA and Privacy Act Rights

The defendant also understands that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.  Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximums described above (or the manner in which that sentence was determined) on the grounds set forth in 18 U.S.C. § 3742 or on any ground whatsoever other than an ineffective assistance of counsel claim that is cognizable on direct appeal, in exchange for the concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b).  The defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

### 6.    Special Assessment

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of $100.00 per count of conviction.

### 7.    Payment of Monetary Penalties

The defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for in Section 3613.  Furthermore, within 14 days of a request, the defendant agrees to provide all of the defendant's financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination and/or complete a financial statement under penalty of perjury.  If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.  If the defendant is incarcerated, the defendant agrees to voluntarily participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

### 8.    Immunity from Further Prosecution in this District

The United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the Indictment or Statement of Facts, except that the United States may prosecute the defendant for any crime of violence or conspiracy to commit, or aiding and abetting, a crime of violence not charged in the Indictment as an offense. In such a prosecution the United States may allege and prove conduct described in the Indictment or Statement of Facts. "Crime of violence" has the meaning set forth in 18 U.S.C. § 16.

9.      **Dismissal of Other Counts**

Upon execution of this agreement and the Court's acceptance of the defendant's plea of guilty, the United States will move to dismiss the remaining counts of the Indictment against this defendant.

10.     **Defendant's Cooperation**

The defendant agrees to cooperate fully and truthfully with the United States, and provide all information known to the defendant regarding any criminal activity as requested by the government. In that regard:

a.      The defendant agrees to testify truthfully and completely at any grand juries, trials or other proceedings.

b.      The defendant agrees to be reasonably available for debriefing and pre-trial conferences as the United States may require.

c.      The defendant agrees to provide all documents, records, writings, or materials of any kind in the defendant's possession or under the defendant's care, custody, or control relating directly or indirectly to all areas of inquiry and investigation.

d.      The defendant agrees that, at the request of the United States, the defendant will voluntarily submit to polygraph examinations, and that the United States will choose the polygraph examiner and specify the procedures for the examinations.

e.      The defendant agrees that the Statement of Facts is limited to information to support the plea. The defendant will provide more detailed facts relating to this case during ensuing debriefings.

    f.    The defendant is hereby on notice that the defendant may not violate any federal, state, or local criminal law while cooperating with the government, and that the government will, in its discretion, consider any such violation in evaluating whether to file a motion for a downward departure or reduction of sentence.

    g.    Nothing in this agreement places any obligation on the government to seek the defendant's cooperation or assistance.

**11.    Use of Information Provided by the Defendant Under This Agreement**

The United States will not use any truthful information provided pursuant to this agreement in any criminal prosecution against the defendant in the Eastern District of Virginia, except in any prosecution for a crime of violence or conspiracy to commit, or aiding and abetting, a crime of violence (as defined in 18 U.S.C. § 16). Pursuant to U.S.S.G. § 1B1.8, no truthful information that the defendant provides under this agreement will be used in determining the applicable guideline range, except as provided in Section 1B1.8(b). Nothing in this plea agreement, however, restricts the Court's or Probation Officer's access to information and records in the possession of the United States. Furthermore, nothing in this agreement prevents the government in any way from prosecuting the defendant should the defendant knowingly provide false, untruthful, or perjurious information or testimony, or from using information provided by the defendant in furtherance of any forfeiture action, whether criminal or civil, administrative or judicial. The United States will bring this plea agreement and the full extent of the defendant's cooperation to the attention of other prosecuting offices if requested.

### 12.    Defendant Must Provide Full, Complete and Truthful Cooperation

This plea agreement is not conditioned upon charges being brought against any other individual. This plea agreement is not conditioned upon any outcome in any pending investigation. This plea agreement is not conditioned upon any result in any future prosecution which may occur because of the defendant's cooperation. This plea agreement is not conditioned upon any result in any future grand jury presentation or trial involving charges resulting from this investigation. This plea agreement is conditioned upon the defendant providing full, complete and truthful cooperation.

### 13.    Motion for a Downward Departure

The parties agree that the United States reserves the right to seek any departure from the applicable sentencing guidelines, pursuant to Section 5K1.1 of the Sentencing Guidelines and Policy Statements, or any reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, if, in its sole discretion, the United States determines that such a departure or reduction of sentence is appropriate.

### 14.    Forfeiture Agreement

The defendant understands that the forfeiture of assets is part of the sentence that must be imposed in this case. The defendant agrees to forfeit all interests in any terrorism- or computer crime-related assets that the defendant owns or over which the defendant exercises control, directly or indirectly, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of his offenses, and/or facilitating property and/or property involved in the offenses, including but not limited to the following specific property: one Dell Latitude laptop and one MSI laptop. The defendant understands that if proceeds of the offenses are not available to the United States to be forfeited, the Court must

enter a forfeiture money judgment in the amount of the proceeds. *United States v. Blackman*, 746 F.3d 137 (4th Cir. 2014). The defendant further agrees to waive all interest in the assets in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant admits and agrees that the conduct described in the charging instrument and Statement of Facts provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government.

15.    **Waiver of Further Review of Forfeiture**

The defendant further agrees to waive all constitutional and statutory challenges to forfeiture in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also waives any failure by the Court to advise the defendant of any applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J). The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant understands and agrees that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct and/or property facilitating illegal conduct and/or property involved in illegal conduct giving rise to forfeiture and/or substitute assets for property otherwise subject to forfeiture.

10

### 16.   The Defendant's Obligations Regarding Assets Subject to Forfeiture

Upon request by the government, the defendant agrees to identify all assets in which the defendant had any interest or over which the defendant exercises or exercised control, directly or indirectly, within the past five years. The defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant. The defendant agrees to undergo any polygraph examination the United States may choose to administer concerning such assets.

### 17.   Stipulation to Judicial Order of Removal

The defendant agrees to the entry of a stipulated judicial order of removal pursuant to Title 8, United States Code, Sections 1228(c)(5) and 1182. Specifically, the defendant admits that he is a native and citizen of Kosovo and that he is removable from the United States pursuant to Title 8, United States Code, Section 1182.

### A.   Voluntary Waiver of Rights

After consultation with counsel and understanding the legal consequences of doing so, the defendant knowingly and voluntarily waives the right to the notice and hearing provided for in Title 8, United States Code, Section 1228(c)(2) and further waives any and all rights to appeal, reopen, reconsider, or otherwise challenge this stipulated removal order. The defendant understands and knowingly waives his right to a hearing before an immigration judge or any other authority under the Immigration and Nationality Act ("INA"), on the question of the defendant's removability from the United States. The defendant further understands the rights the defendant would possess in a contested administrative proceeding and waives these rights, including the defendant's right to examine the evidence against him, to present evidence on his behalf, and to cross-examine the witnesses presented by the government.

11

The defendant agrees to waive his rights to any and all forms of relief or protection from removal, deportation, or exclusion under the INA, as amended, and related federal regulations. These rights include, but are not limited to, the ability to apply for the following forms of relief or protection from removal: asylum; withholding of removal under Title 8, United States Code, Section 1231(b)(3); any protection from removal pursuant to Article 3 of the United Nations Convention Against Torture, including withholding or deferral of removal under 8 C.F.R. § 208; cancellation of removal; adjustment of status; registry; de novo review of a denial or revocation of temporary protected status (current or future); waivers under Title 8, United States Code, Sections 1182(h) or 1182(i); visa petitions; consular processing; voluntary departure or any other possible relief or protection from removal available under the Constitution, laws or treaty obligations of the United States. As part of this agreement, the defendant specifically acknowledges and states that the defendant has not been persecuted in, and has no present fear of persecution in, Kosovo on account of his race, religion, nationality, membership in a particular social group, or political opinion. Similarly, the defendant further acknowledges and states that the defendant has not been tortured in, and has no present fear of torture in Kosovo.

The defendant hereby requests that an order be issued by this Court for his removal to Kosovo. The defendant agrees to accept a written order of removal as a final disposition of these proceedings and waives any and all rights to challenge any provision of this agreement in any United States or foreign court or tribunal.

The defendant hereby agrees to make the judicial order of removal a public document, waiving his privacy rights, including his privacy rights under 8 C.F.R. § 208.6. At the request of the U.S. Attorney's Office, U.S. Immigration and Customs Enforcement ("ICE") concurs with the government's request for a judicial order of removal. As a result of the above-referenced

12

order, upon the completion of the defendant's criminal proceedings, including any sentence of incarceration and any court-imposed supervision, the defendant shall be removed to Kosovo.

**B.      Assistance in the Execution of Removal**

The defendant agrees to assist ICE in the execution of his removal. Specifically, the defendant agrees to assist ICE in the procurement of any travel or other documents necessary for the defendant's removal; to meet with and to cooperate with representatives of the country or countries to which the defendant's removal is directed; and, to execute those forms, applications, or waivers needed to execute or expedite the defendant's removal. The defendant further understands that his failure or refusal to assist ICE in the execution of his removal shall breach this plea agreement and may subject the defendant to criminal penalties under Title 8, United States Code, Section 1253.

**C.      Re-entry and Penalties**

The defendant concedes that the entry of this judicial order of removal renders him permanently inadmissible to the United States. He agrees that he will not enter, attempt to enter, or transit through the United States without first seeking and obtaining permission to do so from the Secretary of the Department of Homeland Security or other designated representative of the U.S. government.

It is understood that the defendant will have no right to withdraw his plea of guilty should the Court fail, for any reason, to enter a judicial order of removal. Moreover, the Court's failure, for any reason, to enter a judicial order of removal shall only void the portion of this Agreement pertaining to the defendant's stipulation to a judicial order of removal, and shall have no impact on the remaining terms of this agreement.

13

**18.    Breach of the Plea Agreement and Remedies**

This agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this plea agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

    a.    The United States will be released from its obligations under this agreement, including any obligation to seek a downward departure or a reduction in sentence. The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement;

    b.    The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense; and

    c.    Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before or after the date of this agreement, including the statement of facts accompanying

this agreement or adopted by the defendant and any other statements made
pursuant to this or any other agreement with the United States, should be
excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f),
the Sentencing Guidelines or any other provision of the Constitution or
federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in
an appropriate proceeding at which the defendant's disclosures and documentary evidence shall
be admissible and at which the moving party shall be required to establish a breach of the plea
agreement by a preponderance of the evidence.  The proceeding established by this paragraph
does not apply, however, to the decision of the United States whether to file a motion based on
"substantial assistance" as that phrase is used in Rule 35(b) of the Federal Rules of Criminal
Procedure and Section 5K1.1 of the Sentencing Guidelines and Policy Statements.  The
defendant agrees that the decision whether to file such a motion rests in the sole discretion of the
United States.

19.    **Nature of the Agreement and Modifications**

This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel. The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this plea agreement, to cause the defendant to plead guilty. Any modification of this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

Dana J. Boente
United States Attorney

By: _____
Brandon L. Van Grack
Gregory R. Gonzalez
Special Assistant United States Attorneys

16

Defendant's Signature:  I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending indictment.  Further, I fully understand all rights with respect to Title 18, United States Code, Section 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case.  I have read this plea agreement and carefully reviewed every part of it with my attorney.  I understand this agreement and voluntarily agree to it.

Date: 6/3/16

Ardit Ferizi
Defendant

Defense Counsel Signature:  I am counsel for the defendant in this case.  I have fully explained to the defendant the defendant's rights with respect to the pending indictment. Further, I have reviewed Title 18, United States Code, Section 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case.  I have carefully reviewed every part of this plea agreement with the defendant.  To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: 6/3/16

Geremy C. Kamens
Elizabeth A. Mullen
Counsel for the Defendant

17