# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | Case No. 1:16CR42 |
| | ) | |
| **ARDIT FERIZI,** | ) | Hon. Leonie M. Brinkema |
| | ) | |
| Defendant | ) | |
| | ) | |

## DEFENDANT'S MOTION TO CORRECT SENTENCE UNDER RULE 35(a) BASED UPON MISREPRESENTATION BY THE GOVERNMENT AT SENTENCING

Defendant Ardit Ferizi, by counsel, respectfully moves this Court to correct the sentence imposed on September 23, 2016, based upon clear error. In support, Defendant states as follows:

### Background

On September 23, 2016, this Court conducted a sentencing hearing and imposed a combined sentence of 240 months of imprisonment. One of the primary issues between the parties at sentencing was whether, as defendant argued, the information he provided to a foreign terrorist organization had merely a limited value as propaganda, or, as the government argued, it posed a significant risk of being used to commit violence against the individuals identified by the defendant.

On this point, the government stated to the Court: "This isn't a hypothetical situation. Even in this district there's already been someone who was arrested for the fact that he drove by the home of two individuals in Virginia whose names and addresses were on the kill list that Junaid Hussein posted in March of 2015." Sept. 23, 2016, Tr. at 12 (attached). As discussed below, the public information regarding the case cited by the government – unidentified at the time of the

sentencing hearing – indicates that it does not relate to Mr. Ferizi, or even a posting by Junaid Hussain in March 2015.

Nonetheless, based upon the prosecutor's statement, the Court asked defense counsel, "how do you address the argument that here in Northern Virginia there apparently has been evidence that —that people *on this list* or at least one person *on this list*, has in fact felt *actual threats*?" Tr. at 21 (emphasis added). The Court appeared to interpret the government's argument to mean that at least two individuals whose names were disclosed on a list by Mr. Ferizi were actually located by another defendant who was being prosecuted in this District for material support of a foreign terrorist group. The government made no effort to correct the Court by explaining that the government's argument did not refer to victims in this case. *Cf. United States v. Shaffer Equip. Co.*, 11 F.3d 450, 458 (4th Cir. 1993) (discussing continuing duty of counsel to inform the Court of information that may conceivably affect the outcome of litigation).

The criminal case referenced by the prosecutor was not cited in any of the pleadings submitted prior to sentencing. Following the sentencing hearing, the government told defense counsel that its argument referenced the case of *United States v. Harris Qamar*, Case No. 1:16-mj-300. The affidavit in support of the criminal complaint in Mr. Qamar's case provides that Mr. Qamar drove by the homes of two U.S. soldiers whose names and addresses were posted on a list by "terrorists connected with ISIL" on September 11, not March, 2015. Docket No. 2, Case No. 1:16-mj-300, ¶¶ 32-34. The Qamar affidavit does not cite Junaid Hussain as the poster of this information, perhaps because Hussain was killed prior to the September 2015 posting. As such, this September 11, 2015 list appears unrelated to the information provided by Mr. Ferizi, and there is no indication in the Qamar Affidavit that any of the information on the September list at issue

in that case (which contained addresses) overlapped within the information provided by Mr. Ferizi (which did not contain addresses).

**Argument**

I. **The Government's Misleading Argument Violated the Defendant's Right to Be Sentenced Based Upon Reliable Information and the Right to Adequate Notice and an Opportunity to Respond to Such Information.**

The Federal Rules and the Sentencing Guidelines establish that Mr. Ferizi has a right to notice and an adequate opportunity to respond to information used to determine his sentence. For example, Rule 32 of the Federal Rules of Criminal Procedure requires a defendant be given 35 days to review and object to a presentence report. Fed. R. Crim. P. 32(e)(2). Moreover, if the court seeks to rely upon information outside of the PSR, it must provide a written or in camera summary of the information and allow the defendant a reasonable opportunity to respond. Fed. R. Crim. P. 32(f)(1), (i)(1)(B), (i)(1)(C).

Likewise, § 6A1.3 of the U.S. Sentencing Guidelines states that "[w]hen any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor." U.S.S.G. § 6A1.3. Accordingly, although a court need not provide notice of its intent to vary from the Guidelines, "'[s]ound practice dictates that judges in all cases should make sure that the information provided to the parties in advance of the hearing, and in the hearing itself, has given them an adequate opportunity to confront and debate the relevant issues.'" *United States v. Morace*, 594 F.3d 340, 351 n.11 (4th Cir. 2010) (quoting *Irizarry v. United States*, 553 U.S. 708, 715 (2008)).

Equally important, a defendant is entitled to be sentenced only upon information that has a "sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a); *accord United States v. Wilkinson*, 590 F.3d 259, 269 (4th Cir.2010) ("[A] sentencing court may give

weight to any relevant information before it, including uncorroborated hearsay, provided that the information has sufficient indicia of reliability to support its accuracy."). In this case, the Court appeared to sentence Mr. Ferizi based in part on the premise that his conduct had resulted in actual threatening conduct toward at least one victim in Mr. Ferizi's case. That premise was, and is, false.

II. **Where No Other Possibility Exists to Correct the Error, Rule 35 Allows the Court to Correct a Sentence Based Upon Clear Error Arising from Consideration of False Information Identified Within 14 Days of Sentencing.**

Rule 35(a) of the Federal Rules of Criminal Procedure authorizes the Court to correct a sentence that resulted from "clear error" within 14 days of sentencing. Historically this Rule has permitted federal courts to correct a sentence imposed in an "illegal manner." *United States v. Pavlico*, 961 F.2d 440, 442–43 (4th Cir. 1992); *accord* Wright & Miller, 3 Fed. Prac. & Proc. Crim. § 611 (4th ed.) ("Historically, Rule 35 covered three distinct matters. It provided for correcting an illegal sentence, it provided for correcting a sentence imposed in an illegal manner, and it authorized the court to reduce a lawful sentence if, on further reflection, the court believed that it had been unduly harsh.").

In *United States v. Cook*, 890 F.2d 672, 675 (4th Cir. 1989), the Fourth Circuit "recognize[d] the inherent power in a court to correct an acknowledged and obvious mistake." Partly in response to this ruling, Rule 35 was amended to permit sentencing courts to amend a sentence within the time permitted to file a notice of appeal. *United States v. Shank*, 395 F.3d 466, 468 (4th Cir. 2005) ("in 1991, due in part to a decision of this court recognizing the 'inherent power' of a federal court 'to correct an acknowledged and obvious' sentencing mistake . . . , Rule 35 was amended to include subdivision (c), which provided sentencing courts with a narrow window of seven days within which to correct 'arithmetical, technical, or other clear error.'"); *cf.*

4

*United States v. Bishop*, 774 F.2d 771, 774 (7th Cir. 1985) (recognizing inherent power of district courts to correct criminal sentence procured through fraud).

As such, Rule 35 continues to recognize the inherent power of sentencing courts to correct a sentence based upon obvious errors identified before the time for filing a notice of appeal has expired. *See* Fed. R. Crim. P. 32, advisory committee notes, 1991 amend. (noting that amendment codifies result of *Cook*, 890 F.2d 672). And the government's presentation of new information at the sentencing hearing regarding the impact of the offense upon a victim constitutes an obvious error, *see United States v. Millan-Isaac*, 749 F.3d 57, 70-72 (1st Cir. 2014) (reversing sentence in part based upon new victim impact information provided by government at sentencing), particularly when the information misleads the Court into believing that the information relates to the defendant's conduct when it did not. *Cook*, 890 F.2d at 675 (recognizing inherent power to correct obvious mistakes).

To be sure, the Court of Appeals for the Fourth Circuit, in an unpublished decision, recently reversed a district court that resentenced a defendant following its determination that the defendant had submitted a fraudulent letter at the initial sentencing hearing. *United States v. Hall*, 644 Fed. App'x 274 (4th Cir. Apr. 12, 2016). But in that case, the Court found that the government "could reasonably have discovered [the defendant's] forgery" prior to the sentencing hearing. Furthermore, the Court noted that the government was not "left without remedies," as it could seek additional criminal charges against the defendant based upon the forged submission. *Id.* at 277. Finally, the Court noted that it was not deciding "whether a fraud on the court constitutes 'clear error' . . . . comprehensively." *Id*. at 276.

In this case, Mr. Ferizi is barred by his plea agreement from seeking an appeal. Mr. Ferizi also had no adequate opportunity to respond to the government's misleading citation to another

case in this district. Indeed, the government neither mentioned the case in its sentencing pleading, nor stated the name of the case at Mr. Ferizi's sentencing hearing when it presented the information to the Court.

Consequently, this Court has authority pursuant to Rule 35(a) to correct Mr. Ferizi's sentence to the extent that it was based upon the government's misleading and inaccurate victim impact information at Mr. Ferizi's sentencing hearing. As such, Mr. Ferizi respectfully requests that the Court resentence Mr. Ferizi, within 14 days of his initial sentencing, without consideration of the now-discredited information proffered by the government at the initial hearing.

Respectfully submitted,

ARDIT FERIZI

By Counsel,

Geremy Kamens,
Federal Public Defender

/s/
Geremy C. Kamens
Virginia Bar No. 41596
Elizabeth A. Mullin
Virginia Bar No. 86668
Attorneys for Defendant
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, VA   22314
(703)600-0848 (telephone)
(703)600-0880 (facsimile)
Geremy_Kamens@fd.org

**CERTIFICATE OF SERVICE**

       I hereby certify that on September 26, 2016, I will electronically file the foregoing with the Clerk of court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

> Brandon Van Grack, Esq.
> United States Attorney's Office
> 2100 Jamieson Avenue
> Alexandria, VA 22314

       Pursuant to the Electronic Case Filing Policies and Procedures, a courtesy copy of the forgoing pleading will be delivered to Chambers within one business day of the electronic filing.

                                      /s/
                              Geremy C. Kamens
                              Attorney for Defendant
                              Virginia Bar No. 41596
                              Office of the Federal Public Defender
                              1650 King Street, Suite 500
                              Alexandria, VA 22314
                              (703)600-0848 (telephone)
                              (703)600-0880 (facsimile)
                              Geremy_Kamens@fd.org