IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Case No. 1:16-cr-042 |
| v. ) | |
| ) | Hon. Leonie M. Brinkema |
| ARDIT FERIZI. ) | |
| a/k/a "Th3Dir3torY" ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S**
**MOTION TO CORRECT SENTENCE UNDER RULE 35(a)**

The United States of America, by and through its attorneys, Dana Boente, United States Attorney for the Eastern District of Virginia, Brandon L. Van Grack, Special Assistant United States Attorney, and Gregory R. Gonzalez, Trial Attorney for the National Security Division's Counterterrorism Section, files this response to Defendant's Motion to Correct Sentence Under Rule 35(a) Based Upon Misrepresentation by the Government at Sentencing ("Def. Mot."). Defendant's motion makes a serious allegation against the government – that it provided inaccurate and misleading information to the Court at sentencing. Because the government's representations at sentencing were accurate and not misleading, and there were no errors in the Court's findings of fact at sentencing, the motion should be denied.

**I. BACKGROUND**

On September 23, 2016, the Court sentenced the defendant to 240 months of imprisonment for providing material support to the Islamic State of Iraq and the Levant ("ISIL") and hacking into a computer and obtaining information in furtherance of his provision of material support to ISIL. At the sentencing hearing, the Court articulated numerous facts and

factors in support of its sentence, including that defendant's conduct "was extremely serious," his actions harmed "1300, absolutely innocent, victims," that this was not a "one time incident," and that it is "extremely important to send messages to other young people . . . that playing around with computers is not a game." Sept. 23, 2016 Tr. at 25-28. The Court also reflected that "just having your name on a list knowing that you've been identified to a terrorist group . . . is sufficiently terrorizing for those people on the list," and specifically referenced a victim who described her fears from just having her unique last name on defendant's hit list. *Id.* at 27.

Three days later, defendant filed the instant motion, which asks the Court to re-sentence the defendant because of an alleged misstatement the government made at sentencing. Defendant alleges that the government's reference to another case in this District misled "the Court into believing that the information [from that case] relate[d] to the defendant's conduct when it did not." Def. Mot. at 5. Specifically, in making the point that merely having one's name on an ISIL kill list can have harmful consequences, the government mentioned a defendant from another case in this District who admitted to driving by the homes of two individuals in Virginia whose "names and addresses were on the kill list that Junaid Hussain posted in March of 2015." Sept. 23, 2016 Tr. at 12. Defendant argues that this sentence by the government misled the Court into believing that the March 2015 list in that other case was the same as the defendant's August 2015 list.

The legal basis for defendant's motion is Rule 35(a), which states that a court "may correct a sentence that resulted from . . . clear error." The Fourth Circuit has "explained that the scope of 'clear error' under Rule 35(a) is 'extremely narrow.'" *United States v. Hall*, 644 Fed. Appx. 274, 276 (4th Cir. 2016) (quoting *United States v. Fields*, 552 F.3d 401, 404 (4th Cir. 2009)). Congress specifically "limited the reach of Rule 35(a) because it wanted to promote

openness and finality in sentencing." *Id.* at 405. The Rule is limited to cases in which "an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action." Fed. R. Crim. P. 35 advisory committee's 1991 note. Defendant's motion contends that the Court's sentence was clear error "to the extent it was based upon the government's" alleged misleading statement. Def. Mot. at 7.

## II.     ARGUMENT

The government's statement at issue did not create any "clear errors." The government's statement was accurate and not misleading. Moreover, defendant has failed to identify any errors in the Court's findings of fact at sentencing.

### i.     *The Government's Statement Was Accurate*

Precisely as the government represented at sentencing, there is a case in the Eastern District of Virginia, *United States v. Haris Qamar,* in which an individual admitted to observing the "homes of two individuals in Virginia whose names and addresses were on the kill list that Junaid Hussain posted in March of 2015." Sept. 23, 2016 Tr. at 12. Qamar admitted to a confidential witness that he drove by several residences of soldiers on a "kill list" that were near his own home, and observed undercover police cars near those residences. In a later conversation with the confidential witness, Qamar referenced a particular street name where one of those soldiers lived. *See* Case No. 1:16-mj-300 (Doc. 2). As the government represented at sentencing and in its Sentencing Memo, and as mentioned in the Statement of Facts, in March 2015, Junaid Hussain released a "kill list" that included the names and addresses of 100 United States military members. The Federal Bureau of Investigation has confirmed that two addresses on that March 2015 kill list are within two miles of Qamar's residence, and one of those addresses includes the

street name that Qamar mentioned to the confidential witness. Accordingly, as the government stated at sentencing, the facts indicate that Qamar drove by the homes of individuals "on the kill list that Junaid Hussain posted in March of 2015." Sept. 23, 2016 Tr. at 12.

Defendant points out that the complaint affidavit in *Qamar* references a kill list from September 2015, not March 2015. However, defendant fails to account for the fact that ISIL's kill lists are constantly re-posted. For example, Terrance McNeil is charged in the Northern District of Ohio, Case No. 5:15-cr-00446 (Doc. 7), with transmitting threats in interstate commerce and soliciting a crime of violence. On September 24, 2015, McNeil posted a social media message from the "Islamic State Hacking Division," which included a file containing images of the March 2015 kill list. Additionally, as the government noted in its Sentencing Memo, Ferizi's August 2015 list has been re-posted numerous times. *See* Position of the United States with Respect to Sentencing at 13 ("Gov't Sent. Memo"). More importantly, the date of the list in *Qamar* is not material to the government's argument or the defendant's accusation. Whether the list was published in March or September, the government never alleged that it belonged to Ferizi.

Accordingly, the government's statement to the Court was, and still is, accurate.

ii. *The Government's Statement Was Not Misleading*

In addition to being accurate, the government's statement was not misleading. The government (i) did not use Ferizi's name to describe the list in *Qamar*, (ii) described the list as belonging to someone other than Ferizi, (iii) used a date that signaled the list could not have come from Ferizi, and (iv) described the list in a way that it has repeatedly done before to describe a list unaffiliated with Ferizi.

Defendant asserts that the government's accurate recitation of the facts in *Qamar* misled "the Court into believing the information [in *Qamar*] relates to the defendant's conduct." Def. Mot at 5. Yet defendant ignores that the government did not mention Ferizi or his list when discussing *Qamar*. The government has also never referred to Ferizi's list as being from March 2015. Throughout the case, including in the Indictment, the Statement of Facts, and the Government's Sentencing Memo, and at the sentencing hearing, the government has never referred to Ferizi's list as anything but Ferizi's list.

In addition to the clear omission of Ferizi's name, the government described the list as (i) belonging to Junaid Hussain and (ii) being posted in March 2015. This was not the government's first reference to Hussain's March 2015 list. Beginning with the Indictment and continuing through the Statement of Facts, the government has repeatedly noted that in March 2015, Junaid Hussain released a kill list. For example, in its Sentencing Memo, the government twice referenced Hussain's March 2015 kill list. *See* Gov't Sent. Memo at 2, 4. And at the sentencing hearing, the government referenced Hussain's March 2015 kill list two times before referencing *Qamar*. *See* Sept. 23, 2016 Tr. at 6, 7-8.

The very date that the government cited for the list, March 2015, was itself sufficient to signal that it was not Ferizi's list. The parties agree that Ferizi did not begin supporting ISIL until April 2015. *See, e.g.,* Sept. 23, 2016 Tr. at 5; Gov't Sent. Memo at 2 ("With complete awareness of ISIL's expanding terrorist aims, the defendant began providing support for ISIL in April 2015."). For example, the Statement of Facts is clear that the defendant's conspiracy to join ISIL began in April 2015. *See* Statement of Facts (Doc. 36) at 1 ("From in and around **April 2015** to August 11, 2015, the defendant Ardit Ferizi . . . did knowingly provide material support and resources ….to a foreign terrorist organization.") (emphasis added). Therefore, based on the facts

that the parties agreed to and that the government has consistently articulated in this case, there could have been no confusion that any conduct in March 2015 was connected to Ferizi.

Far from misleading, the government's description of the list in *Qamar* unmistakably differentiated it from Ferizi's list.

    iii.    *The Court Made No Errors in its Findings of Fact*

In addition to failing to identify errors in the government's representations to the Court, defendant fails to identify any errors in the Court's findings of fact or consideration of the sentencing factors. Among other facts and factors that the Court considered, the Court disagreed with defense counsel that the 1,300 victims in this case "are not victims." Sept. 23, 2016 Tr. at 27. The Court found that "just having your name on a list knowing that you've been identified to a terrorist group, in my view, is sufficiently terrorizing for those people on the list." *Id.* In support, the Court referred to victim letters that were submitted, including "one person who has a very unique name . . . that may be the only name in that particular area would make it very easy to find that person. And the fact that they are basically on a hit list making them basically targets is very, very serious." *Id.* The Court's conclusion these 1,300 victims suffered real harm is accurate and supported by the record, such as the victim letters.

Defendant seeks to re-argue this point about actual harm. The motion's primary contention is that defendant's "conduct [did not] result[] in actual threatening conduct toward at least one victim." Def. Mot. at 4. But, as the Court found, defendant is in error. Defendant's conduct resulted in "actual threatening conduct toward" <u>1,300</u> victims. The victim letter cited by the Court is just one example of that harm; there are hundreds of others. The government discussed that victim letter for the same point – that having your name on an ISIL hit list "alone is enough to invoke fear rightly so in those individuals." Sept. 23, 2016 Tr. at 27. It is in this

context that the government raised *Qamar*, to show that persons in the United States actually read and follow ISIL kill lists; that these lists are more than just bits and bytes posted on the internet. That is precisely what *Qamar* demonstrates. At no point did the government state that Qamar followed Ferizi's list, nor did the government indicate that any of the Qamar's victims overlapped with Ferizi's victims.

Perhaps most importantly, even without *Qamar*, the Court's determination that these "absolutely innocent" 1,300 victims suffered actual harm remains true. Sept. 23, 2016 Tr. at 26. As described in the victim letters, defendant's victims have a target on their back because of the defendant. And that target will remain for the foreseeable future.

### III. CONCLUSION

The government's statements to the Court were accurate and were not misleading. The Court's findings of fact were likewise accurate and based on the evidence. Therefore, since defendant has failed to identify any "clear error" that occurred at sentencing, the motion should be denied.

Respectfully submitted,

Dana J. Boente
United States Attorney

By: _____/s/_____
Brandon L. Van Grack
Special Assistant United States Attorney (LT)
Eastern District of Virginia
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3700
Email: brandon.van.grack2@usdoj.gov

Gregory R. Gonzalez
Trial Attorney
U.S. Department of Justice, National Security Division

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of October, 2016, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send an electronic notification to all counsel of record.

    Respectfully submitted,

    Dana J. Boente
    United States Attorney

By:    /s/
    Brandon L. Van Grack
    Special Assistant United States Attorney (LT)
    Eastern District of Virginia
    United States Attorney's Office
    2100 Jamieson Avenue
    Alexandria, Virginia 22314
    Phone: (703) 299-3700
    Email: brandon.van.grack2@usdoj.gov