IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Alexandria Division*

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | |
|                              ) | |
| v.                           ) | |
|                              ) | Criminal No. 1:16-cr-42 |
| ARDIT FERIZI,                ) | |
|                              ) | |
|     Defendant.               ) | |

**<u>Motion to Stay Release Order</u>**

On December 3, 2020, the Court granted the defendant's motion for compassionate release, reduced his sentence to time served, and ordered that he be deported back to Kosovo after a 14-day quarantine. The government is evaluating whether to appeal the Court's release order to the Fourth Circuit. The government respectfully requests that the Court stay its release order pending appeal. In the interim, as explained below, the traditional stay factors counsel in favor of a stay.

It has also come to the government's attention that the Bureau of Prisons (BOP) received the Court's December 3 order on December 7. The Court's release order specified that the defendant be released after a 14-day quarantine, thus setting his would-be release date on December 17. BOP intends to comply with the 14-day quarantine requirement, but given its late receipt of the Court's order, does not intend to release the defendant until December 21.

**Argument**

In *Hilton v. Braunskill*, 481 U.S. 770 (1987), the Supreme Court set forth the factors that govern a court's consideration of whether to grant a stay pending a prisoner's release from custody. Drawing upon the traditional factors for a stay pending appeal, the Court listed the following non-exclusive factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay;

(3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Id*. at 776. As explained below, the balance of these factors weigh in favor of granting a stay.

### A. Likelihood of Success on the Merits

In *Hilton*, the Supreme Court explained that a stay is appropriate if the government "has a strong likelihood of success on appeal, or where, failing that, it can nonetheless demonstrate a substantial case on the merits," provided that "the second and fourth factors in the traditional stay analysis militate against release." 481 U.S. at 778. The government recognizes that asking the Court to pass upon the likelihood of its success on appeal "places the Court in the awkward position of second guessing its own work." *Newman v. Harrington*, 917 F. Supp. 2d 765, 791 (N.D. Ill. 2013). Even so, the government asserts both that is has demonstrated a likelihood of success on appeal and that, at the very least, it has a substantial case on the merits.

The Court is, of course, familiar with the facts of this case. The defendant is a computer hacker and sympathizer of the Islamic State of Iraq and al-Sham (ISIS). He was convicted of providing material support to ISIS and unauthorized computer access. The defendant used his computer skills to breach the servers of a U.S. company and steal personal identifying information of over 100,000 of its customers. The defendant then used that information to locate U.S. military and government personnel. He identified approximately 1,300 such individuals and sent the information to a high-profile ISIS member in Syria, intending for ISIS to "hit them hard." The ISIS member then published a "kill list" with these names, to which he added the following message: "the soldiers of the khilafah, who soon with the permission of Allah will strike at your necks in your own lands!"

As relevant here, 18 U.S.C. § 3582(c)(1)(A)(i) provides that a district court, upon motion of an inmate who, like the defendant, has exhausted his administrative remedies with the BOP, "may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that  . . . extraordinary and compelling reasons warrant such a reduction." The Court has previously acknowledged the serious nature of the defendant's offense and the harm caused to the victims in this case. The Court has also previously recognized that the defendant poses a danger to the community and that it was concerned over its inability to supervise the defendant in Kosovo. The government respectfully submits that in considering the § 3553(a) factors, the Court erred in not adequately considering the seriousness of the offense, the risk of the defendant recidivating, and the risk posed to the public by the defendant's release.

### B.     Irreparable Injury

The third *Hilton* factor asks whether issuance of the stay will substantially injure the other parties in the proceeding. The government recognizes that given the defendant's health conditions, this factor weighs in favor of the defendant. But for the reasons already explained, this factor does not outweigh the others. The public deserves protection from the defendant's crimes.

### C.     Harm to the Government and the Public Interest

The second and fourth *Hilton* factors ask "whether the applicant will be irreparably injured absent a stay" and "where the public interest lies." *Hilton*, 481 U.S. at 776. Both factors favor issuing a stay. The defendant's premature release raises obvious public safety concerns. Five years into a 20-year sentence, a defendant convicted of hacking on behalf of ISIS will be released to a foreign country where he will be free to resume his exploits with impunity. The Court has recognized that the defendant poses a risk to public safety. The government will also be irreparably

injured absent a stay. The Court ordered BOP to transfer the defendant, after a 14-day quarantine, to ICE custody for "prompt" deportation to Kosovo. Absent a stay, the government will likely lose its ability to secure the defendant's incarceration should it prevail on appeal.

## Conclusion

On balance, the *Hilton* factors weigh in favor of a stay pending appeal. Therefore, the government respectfully requests that the Court stay its release order.

>
> Respectfully submitted,
>
> G. Zachary Terwilliger
> United States Attorney
>
> By: _____/s/_____
> Danya E. Atiyeh
> Assistant United States Attorney
> United States Attorney's Office
> 2100 Jamieson Avenue
> Alexandria, VA 22314
> Office:  (703) 299-3700
> Fax:     (703) 299-3980
> Email:   danya.atiyeh@usdoj.gov

**Certificate of Service**

I hereby certify that on December 14, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

By:         /s/
Danya E. Atiyeh
Assistant United States Attorney