UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-7830

UNITED STATES OF AMERICA,

        Plaintiff - Appellant,

    v.

ARDIT FERIZI, a/k/a Th3Dir3ctorY,

        Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (1:16-cr-00042-LMB-1)

Argued: October 27, 2021                                Decided: November 16, 2021

Before KING, AGEE, and THACKER, Circuit Judges.

Remanded by unpublished order.

**ARGUED:** Joseph Attias, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellant. Caroline Swift Platt, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellee. **ON BRIEF:** John C. Demers, Assistant Attorney General, Steven L. Lane, National Security Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Raj Parekh, Acting United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellant. Geremy C. Kamens, Federal Public Defender, Elizabeth A. Mullin, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellee.

## ORDER

PER CURIAM:

On January 8, 2021, the United States filed a criminal complaint against Ardit Ferizi ("Appellee"), charging him with aggravated identity theft and wire fraud in the Northern District of California. These charges came 36 days *after* the district court in the Eastern District of Virginia granted Appellee compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). And Appellee was indicted on these same charges on January 21, 2021. The charges arise from actions Appellee allegedly undertook between October 2017 and May 2018 while incarcerated for his 2016 convictions for providing material support to a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B, and for obtaining information from a protected computer, in violation of 18 U.S.C. § 1030(a)(2)(C).

The United States did not disclose the existence of any investigation into new criminal conduct in its brief to the district court in opposition to Appellee's compassionate release motion, and nothing in the record before the district court otherwise indicated that Appellee may have engaged in such conduct. Indeed, the district court explicitly referenced Appellee's seemingly positive post-conviction record before determining that the 18 U.S.C. § 3553(a) factors favored release.

Therefore, we *REMAND* to the district court to consider in the first instance how the new charges, or other relevant evidence revealed since the district court's order of release,

impact the discretionary § 3553(a) analysis for compassionate release, and for such other and further proceedings as may be appropriate.

FOR THE COURT

/s/ Patricia S. Connor
Clerk