IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Alexandria Division*

| | |
|---|---|
| UNITED STATES OF AMERICA,       ) | |
|                                 ) | |
| v.                              ) | |
|                                 ) | Criminal No. 1:16-cr-42 |
| ARDIT FERIZI,                   ) | |
|                                 ) | |
| Defendant.                      ) | |

**<u>Government's Response to Court's Order</u>**

The defendant's motion for compassionate release is before this Court after the Fourth Circuit remanded for this Court "to consider in the first instance how the new charges" against defendant in the Northern District of California, "or other relevant evidence revealed since" this Court's "order of release, impact the discretionary § 3553(a) analysis for compassionate release, and for such other and further proceedings as may be appropriate." (ECF No. 121 at 2–3.) Following that remand, and in response to this Court's request for further briefing (ECF No. 124), the United States filed a pleading on December 22, 2021, explaining why compassionate release should be denied. (*See* ECF No. 125.)

On March 22, 2022, the defendant notified the Court that the U.S. Attorney's Office in the Northern District of California (USAO-NDCA) has dismissed the pending indictment against him. (ECF No. 129.) On March 23, 2022, the Court directed the government to address the dismissal. (ECF No. 130.) For the reasons the United States outlined in its earlier pleading (ECF No. 125), the Court should deny the defendant's motion for compassionate release.

As a preliminary matter, the defendant's Notice incorrectly insinuates that USAO-NDCA dismissed the indictment due to the defendant's motion to dismiss for vindictive prosecution. In fact, USAO-NDCA filed a response opposing the defendant's vindictive prosecution motion and

then later, for reasons wholly unrelated to the vindictiveness claim, dismissed the indictment.[1] As stated previously, the U.S. Attorney's Office in the Eastern District of Virginia (USAO-EDVA) was not involved in the decision to charge the defendant. Nor was it involved in handling that case or the final decision to dismiss the charges.

Furthermore, USAO-NDCA's recent dismissal has no bearing on whether the defendant merits compassionate release. As argued previously, USAO-EDVA appealed this Court's release order well before USAO-NDCA charged the defendant and did so for reasons entirely independent of the new charges. *See United States v. Ferizi*, No. 20-7830, ECF No. 35 at 13 (4th Cir. April 2, 2021). Moreover, USAO-EDVA did not ask the Fourth Circuit to consider the new charges as bearing on the merits of this Court's release order and specifically requested the Court to reach the merits of the Court's order.

The United States' arguments in its prior pleading remain valid. First, the very basis for the defendant's motion—that his health conditions present an extraordinary and compelling reason for release—has been significantly undercut by recent events. (ECF No. 125 at 15–16). Since the Court's release order, the defendant has spent two years in prison. Through multiple ebbs and flows of the pandemic, and in the face of numerous COVID-19 variants, the defendant appears to have thankfully weathered the storm. The Court should account for these recent developments and not release a defendant who can no longer satisfy the condition precedent for obtaining compassionate release during the pandemic. *See United States v. High*, 997 F.3d 181, 185 (4th Cir. 2021) ("The underlying arguments for release from prison based on the coronavirus pandemic depend at least on allegations that the risk of contracting COVID-19 in a prison is higher than the risk outside the prison and that the inmate's preexisting medical condition increases that

---

[1] USAO-NDCA's response in opposition is attached to this motion.

2

individual's risk of experiencing a serious, or even fatal, case of COVID-19."). "[F]ollowing full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). Indeed, a court abuses its discretion by releasing a fully vaccinated inmate who faces no greater risk in prison than he would among the general populace. *See United States v. Sweet*, No. 21-1477, 2021 WL 5371402 (6th Cir. Nov. 18, 2021) (reversing grant of compassionate release). The defendant is now vaccinated and can no longer claim an entitlement to compassionate release due to the pandemic. *See United States v. Kurzynowski*, 17 F.4th 756, 758 (7th Cir. 2021); *United States v. Broadfield*, 5 F.4th 801 (7th Cir. 2021); *United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021).

Second, the bare facts of the defendant's conduct in prison have not disappeared with USAO-NDCA's dismissal. As argued previously, with or without formal criminal charges, the defendant's conduct in prison is inconsistent with his claims of rehabilitation. (ECF No. 125 at 22–24.) While in prison, the defendant emailed his brother to maintain accounts containing databases with information on hundreds of thousands of individuals. In a likely bid to circumvent prison rules, the defendant also used an intermediary in prison to attempt to open bitcoin accounts in concert with his brother. *Id.* at 17–20. The Fourth Circuit's remand order instructs the Court "to consider . . . how the new charges, *or other relevant evidence revealed since the district court's order of release*, impact the discretionary § 3553(a) analysis for compassionate release[.]" *United States v. Ferizi*, No. 20-7830, 2021 WL 5320860, at *1 (4th Cir. Nov. 16, 2021) (emphasis added). The Fourth Circuit's remand order is broader than just "new charges." And the defendant's conduct undercuts his claim that he is reformed, regrets his actions, and has been sufficiently deterred. (*See*

ECF No. 125 at 23–24.) The conduct also indicates, as the government has argued throughout, and as the Court previously found, that the defendant is simply too dangerous to release.

Third, and more broadly, as the United States has more fully outlined in its earlier filing, (*see* ECF No. 125), the § 3553(a) factors do not support compassionate release in this case.

Even if this Court were to disregard entirely the defendant's conduct that gave rise to the charges in the Northern District of California, the defendant's vaccination status, the changing circumstances of the pandemic, and the other points explained in the government's prior filing (ECF No. 125) demonstrate that compassionate release is unwarranted in this case.

## Conclusion

For the reasons explained above, the Court should deny the defendant's motion for compassionate release.

Respectfully submitted,

Jessica D. Aber
United States Attorney

By: _____/s/_____
Danya E. Atiyeh
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Office: (703) 299-3700
Email: danya.atiyeh@usdoj.gov

_____/s/_____
Joseph Attias
Assistant United States Attorney
United States Attorney's Office
919 East Main Street, Suite 1900
Richmond, Virginia 23219
Office: (804) 819-5400
Email: joseph.attias2@usdoj.gov

**Certificate of Service**

  I hereby certify that on March 24, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

             By:      /s/     
                Joseph Attias
                Assistant United States Attorney